Leonard Dix Rooks County Attorney 3rd Floor, Rooks County Courthouse Stockton, Kansas 67669-1663
Dear Mr. Dix:
As county attorney you ask whether members of an Extension Council Executive Board may go into executive session to discuss "elected personnel." It is not clear from the materials provided by the Extension Council whom the elected personnel might be.
The Kansas Open Meetings Act (KOMA) applies to meetings of "all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds . . . .[1]"
The Extension Council in question is created pursuant to K.S.A. 2-611
and it is therefore a creature of statute. In a previous opinion this office described extension councils as municipalities.[2] As such it is a political subdivision of the state.[3] Additionally, extension councils receive and expend public funds.[4] Accordingly, the Kansas Open Meetings Act applies.
The Open Meetings Act is to be broadly construed to promote openness.[5] Meetings of a body covered by the KOMA must be open to the public[6] unless there is specific statutory authority otherwise. Of the statutory exceptions allowing for executive sessions, only one mentions personnel. It allows for executive sessions for discussion of "personnel matters of non-elected personnel."[7]
By its express terms, this exception does not apply and, therefore, neither Extension Councils, nor any other group covered by the KOMA, may go into executive session to discuss elected personnel. This is in accord with a prior opinion which concluded that the personnel exception could not be used to discuss appointments to boards because it applies only to employees.[8]
In summary, Extension Councils are subject to the KOMA. No body subject to the KOMA may go into executive session to discuss "elected personnel."
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 75-4318(a).
[2] Attorney General Opinion No. 84-56.
[3] Attorney General Opinion No. 95-57.
[4] K.S.A. 2-608, 2-610.
[5] State ex rel. Stephan v. Board of County Comm'rs of SewardCounty, 254 Kan. 466, (1994).
[6] K.S.A. 75-4318(a).
[7] K.S.A. 75-4319(b)(1).
[8] Attorney General Opinion No. 87-10.